[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 07 2008
THOMAS K. KAHN
CLERK

No. 07-12399
Non-Argument Calendar
_____

D. C. Docket No. 06-00458-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 7, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Rolando Garcia appeals his convictions for conspiracy to

distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii),

and possession with intent to distribute cocaine, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(B)(ii).

Garcia first argues that there was insufficient evidence to sustain his

convictions. Garcia relies on *United States v. Littrell*, 574 F.2d 828 (5th Cir.

1978),[1] for the proposition that the government was required to exclude the

possibility of every reasonable hypothesis but that of guilt in order to prove guilt

beyond a reasonable doubt. Garcia states that the fact that he knew he was giving a

co-defendant a ride to retrieve illegal drugs did not rise to the standard under

*Littrell*. Garcia concedes that if he knew where the cocaine was hidden and he was

not entrapped into handling it, the evidence would support his convictions.

However, he argues that the inconsistent testimony of the government agents is the

only evidence establishing that he knew about the drugs. In addition, Garcia

emphasizes the facts that he had planned to stay home and do chores that day and

that he had no intention of being involved in a drug conspiracy. He also relies on

the fact that he rented a motel room for two, suggesting that there was not

sufficient evidence that he was part of the conspiracy.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

We review *de novo* the sufficiency of the evidence supporting a criminal conviction. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). "At this stage in the proceedings, we examine the evidence in the light most favorable to the government, drawing all reasonable inferences and making all credibility choices in the government's favor." *Id.* "[W]e will not disturb a guilty verdict unless, given the evidence in the record, no trier of fact could have found guilt beyond a reasonable doubt." *Id.* (quotations omitted).

As we stated in *United States v. Miranda*,

> To prove participation in a conspiracy, the government must have proven beyond a reasonable doubt, even if only by circumstantial evidence, that a conspiracy existed and that the defendant knowingly and voluntarily joined the conspiracy. To satisfy this burden, the government need not prove that the defendant knew all of the details or participated in every aspect of the conspiracy. Rather, the government must only prove that the defendant knew the essential nature of the conspiracy. . . . To convict a defendant of possession with intent to distribute controlled substances, the Government must prove that he or she possessed drugs with the intent to distribute them.

425 F.3d 953, 959 (11th Cir. 2005) (citations and alterations omitted). Where the presence of a large quantity of narcotics is clear and uncontested, the proof required to establish the existence of a conspiracy and the defendant's participation therein would also suffice to prove his possession of the narcotics. *United States v. Cruz-Valdez*, 773 F.2d 1541, 1544 (11th Cir. 1985).

"[E]ntrapment as a matter of law is a sufficiency of the evidence inquiry.

3

When an entrapment defense is rejected by the jury, our review is limited to deciding whether the evidence was sufficient for a reasonable jury to conclude that the defendant was predisposed to take part in the illicit transaction." *United States v. Brown*, 43 F.3d 618, 622 (11th Cir. 1995). We have held that "the predisposition inquiry is a purely subjective one which asks the jury to consider the defendant's readiness and willingness to engage in the charged crime absent any contact with the government's officers or agents." *Id.* at 624. "Predisposition may be demonstrated simply by a defendant's ready commission of the charged crime." *Id.* at 625 (citations omitted).

In the instant case, we conclude that the evidence adduced at trial permitted a jury to find Garcia guilty. There was testimony that Garcia knew he was going to pick up illegal drugs, drove a co-defendant to meet the seller, rented a motel room under his own name, and retrieved the drugs from the seller's truck. This evidence was sufficient for a jury to find Garcia guilty of the conspiracy charge. Because it was uncontested that there was nearly four kilograms of cocaine found in the truck, there was also sufficient evidence to sustain Garcia's conviction for possession with intent to distribute cocaine. Furthermore, there was sufficient evidence for a jury to reject Garcia's entrapment defense because he was predisposed to commit the offense before law enforcement became involved.

Relying on Fed.R.Evid. 702, relating to the admissibility of expert testimony, Garcia argues secondly that it was error for the district court to deny his request to voir dire Sgt. Lithgow as to his ability to speak Spanish. Garcia claims that Sgt. Lithgow was an expert witness. He argues that because the district court did not properly qualify Sgt. Lithgow as an expert witness and perform its "gatekeeper" function under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993), the jury was unable to analyze the credibility of his testimony regarding the translation of Garcia's post-arrest statements.

We review a district court's decisions regarding the admission of expert testimony and the denial of a *Daubert* hearing for abuse of discretion. *United States v. Hansen*, 262 F.3d 1217, 1233 (11th Cir. 2001) (citations omitted). However, because Garcia did not ask the district court to conduct a *Daubert* hearing, we review that issue for plain error. *Id.* at 1233-34. Under plain-error review, the defendant has the burden to show that there is an: (1) error; (2) that is plain; and (3) that affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). If these three elements are met, the court may exercise its discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotations and alteration omitted).

5

Under Fed.R.Evid. 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto in the form of an opinion or otherwise."  Fed.R.Evid. 702.  The Supreme Court in *Daubert* set forth a trial judge's obligation to ensure that expert testimony under Rule 702 is both reliable and relevant.  *Daubert*, 509 U.S. at 597, 113 S. Ct. at 2799.

We conclude from the record that Garcia's reliance on Rule 702 and *Daubert* is misplaced for the simple reason that Sgt. Lithgow was not offering expert testimony. Thus, the district court did not commit reversible error by refusing to allow Garcia to voir dire Sgt. Lithgow or failing to hold a *Daubert* hearing on this issue.

For the above-stated reasons, we affirm Garcia's convictions.

**AFFIRMED.**